# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-321-RJC
# (3:14-cr-217-RJC-DCK-1)

| | |
|---|---|
| ALVIN JAKELYN WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 1).

## I.   BACKGROUND

The Criminal Complaint in Petitioner's case charges conspiracy to distribute and to possess with intent to distribute at least 280 grams of cocaine base. (3:14-cr-217, Doc. No. 1). He was charged by Bill of Information with two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a), (b)(1)(C). (Id., Doc. No. 13). Petitioner signed written Waivers of Preliminary Hearing, (Id., Doc. No. 7), Speedy Trial, (Id., Doc. No. 11-1), and Indictment by a Grand Jury, (Id., Doc. Nos. 11-1, 19).

The Government filed an Information Pursuant to 21 U.S.C. § 851 informing Petitioner of its intent to pursue an enhanced sentence based on a prior North Carolina conviction for possession of a schedule VI controlled substance. (Id., Doc. No. 14).

Petitioner pled guilty to both counts in exchange for charging concessions by the Government. See (Id., Doc. No. 16 at 1). In a written Plea Agreement, Petitioner acknowledged that each of the charges ordinarily carries a sentence of not more than 20 years' imprisonment and

1

three years of supervised release, but that he faces up to 30 years' imprisonment and six years of supervised release pursuant to a valid § 851 enhancement:

> In this case, the Government has filed information regarding one or more prior felony drug convictions pursuant to 21 U.S.C. 851. **The Defendant stipulates, agrees, and affirms that the conviction referenced in that information is a valid predicate prior felony conviction under 21 U.S.C. 851**, and that the Defendant has no challenge to the same. Thus, Defendant is facing a mandatory statutory sentence of no more than **thirty (30) years** for Counts One and Two.

(Id., Doc. No. 16 at 2) (emphasis added).

The Government agreed to withdraw the § 851 enhancement if Petitioner was found to be a career offender pursuant to U.S. Sentencing Guidelines § 4B1.1. (Id., Doc. No. 16 at 2).

Petitioner acknowledged that the advisory Sentencing Guidelines apply to determine the sentence, that the sentence had not yet bee determined, that "any estimate of the likely sentence is a prediction rather than a promise," and that the Court would not be bound by any of the parties' recommendations or agreements. (Id., Doc. No. 16 at 2). The parties agreed to jointly recommend, *inter alia*, a finding that "the total amount of cocaine base ("crack cocaine") that was known or reasonably foreseeable by the Defendant was at least twenty-eight (28) grams but less than one hundred and twelve (112) grams." (Id., Doc. No. 16 at 2).

In the Plea Agreement, Petitioner acknowledged the rights he was waiving by pleading guilty including the right to be tried by a jury, to be assisted by an attorney at trial, to confront and cross-examine witnesses, and not to be compelled to incriminate himself (Id., Doc. No. 16 at 5). Petitioner specifically agreed to waive his appellate and post-conviction rights except for claims of prosecutorial misconduct and ineffective assistance of counsel. (Id., Doc. No. 16 at 5).

In the Plea Agreement, Petitioner stipulated that he read and understood the Factual Basis attached to the Plea Agreement that provides:

> On or about December 23, 2013, … Defendant Alvin Jakelyn WILLIAMS sold approximately **8 grams** of cocaine base ("crack cocaine") to a confidential informant ("CI") under law enforcement supervision. The transaction was recorded.
>
> On or about January 8, 2014, … Defendant WILLIAMS sold approximately **20 grams** of cocaine base and **5 grams** of other cocaine to the CI under law enforcement supervision. The transaction was recorded.

(Id., Doc. No. 15 at 1) (emphasis added).

Petitioner agreed that the Factual Basis "may be used by the Court and the United States Probation Office without objection by [Petitioner] to determine the applicable advisory guideline range or the appropriate sentence under 18 U.S.C. § 3553(a), unless the Factual Basis itself notes that Defendant's right to object to a particular fact(s) was explicitly reserved." (Id., Doc. No. 16 at 4). The Factual Basis contains no such objections. (Id., Doc. No. 15 at 1).

A Rule 11 hearing came before Magistrate Judge David Cayer on November 13, 2014. Petitioner stated in open court during a lengthy and thorough colloquy that his plea was knowingly and voluntarily entered. See (Id., Doc. Nos. 17, 63). Petitioner acknowledged that he faced an enhanced sentence of up to 30 years' imprisonment for each count pursuant to the § 851 enhancement and that the agreed amount of cocaine base that was reasonably foreseeable to Petitioner was at least 28 grams but less than 112 grams. (Id., Doc. No. 63 at 3, 9). Petitioner stated that he had enough time to discuss the charges and any possible defense to the counsel, that he was satisfied with his attorney's services, and that he had no questions or statements at that time. (Id., Doc. No. 63 at 13).

The Presentence Investigation Report ("PSR") calculated the base offense level as 24 pursuant to 21 U.S.C. § 841(a)(1) and the relevant amount of crack cocaine, between 28 and 112 grams. (Id., Doc. No. 26 at ¶ 17). However, Petitioner qualifies as a career offender and therefore the offense level is 34. (Id., Doc. No. 26 at ¶ 23). Three levels were deducted for acceptance of

responsibility, resulting in a total offense level of 31. (Id., Doc. No. 26 at ¶¶ 24-26). Petitioner had 22 criminal history points and two points were added because Petitioner committed the instant offense while he was under a criminal justice sentence. (Id., Doc. No. 26 at ¶¶ 47-48). This resulted in a criminal history score of 24 and a criminal history category of VI, which is also the criminal history category for career offenders. (Id., Doc. No. 26 at ¶ 49). The resulting advisory guideline range was 188 to 235 months' imprisonment. (Id., Doc. No. 26 at ¶ 90). However, because the Plea Agreement called for the Government's withdrawal of the § 851 enhancement if Petitioner qualifies as a career offender, the advisory range is 151 to 188 months' imprisonment. (Id., Doc. No. 62 at ¶¶ 91-92).

Petitioner's counsel filed Objections to the PSR, primarily arguing that the career offender enhancement was based on a North Carolina conviction for assault with a deadly weapon inflicting serious injury ("ADWISI") that should not count as career offender predicate pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). (Id., Doc. No. 25).

A *pro se* "Change of Attorney" signed by Petitioner was docketed on December 3, 2015, while the case was awaiting sentencing. (Id., Doc. No. 28). A hearing on the matter came before Judge Cayer on January 20, 2016 at which Petitioner expressed dissatisfaction with counsel's handling of objections to the draft PSR with regards to the career offender finding. Petitioner explained at the hearing that he was frustrated with counsel, that they had discussed the case with her, and that he wanted to proceed with her assistance in the case. (Id., Doc. No. 64 at 5-6). The Court acknowledged that it appeared a miscommunication had occurred between Petitioner and counsel, and allowed counsel to stay on the case after Petitioner confirmed that he was comfortable having her as his lawyer. (Id., Doc. No. 64 at 6).

4

The sentencing hearing came before the Court on March 2, 2016. Petitioner expressed dissatisfaction with counsel, objected to the drug amount, objected to the criminal history calculation, and requested a downward departure. (Id., Doc. No. 67 at 1-4). The Court found that counsel was prepared to proceed on numerous objections on Petitioner's behalf and that the case was teed up. (Id., Doc. No. 67 at 9). The parties presented their arguments, including the Johnson issue, and the Government acknowledged that an exception to the appellate waiver on that issue may be appropriate. (Id., Doc. No. 67 at 20-22). The Court continued the sentencing hearing in light of that significant disputed issue. (Id., Doc. No. 67 at 23).

The Government subsequently filed a Notice excepting the Johnson issue from Petitioner's appellate waiver and the Court continued the sentencing hearing. (Id., Doc. Nos. 33, 38).

A second *pro se* Change of Attorney was docketed on May 27, 2016, (Id., Doc. No. 34), and Petitioner also moved to withdraw his guilty plea, (Id., Doc. No. 35). The Court denied the Motions because he is represented by counsel and because the sentencing hearing was postponed due to a pending appeal, Fourth Circuit Case No. 15-4685. (Id. at 43).

Petitioner then filed a *pro se* Motion seeking dismissal of the criminal case due to counsel's "Malfeasance, Mal-practice & Mis-conduct." (Id., Doc. No. 44). Counsel filed a Motion explaining that Petitioner had again expressed his dissatisfaction with counsel and asking the Court to appoint new counsel for Petitioner. (Id., Doc. No. 45). A hearing came before Magistrate Judge David Keesler on October 17, 2017. Counsel explained that she and Petitioner had spoken subsequent to the Motions' filing and he said that he wanted to keep counsel on his case. (Id., Doc. No. 65 at 6). Petitioner expressed frustration at his long pre-sentencing detention but stated that he wanted to keep the same lawyer on his case. (Id., Doc. No. 65 at 6-10). The Court accordingly denied Petitioner's Motion. (Id., Doc. No. 65 at 47).

5

Petitioner's lawyer filed yet another Motion for Inquiry into Status of Counsel on March 15, 2018, explaining that Petitioner had again requested a new attorney. (Id., Doc. No. 49). In an Amended Motion, counsel explained that there had been a complete breakdown in communication and that she would be unable to proceed effectively in the case. (Id., Doc. No. 50).

In March 2018, the parties filed supplemental arguments about Petitioner's career offender designation and conceded that the case was ripe for sentencing. See (Id., Doc. Nos. 52, 53).

The continued sentencing hearing came before the Court on March 21, 2018. The Court first addressed Petitioner's dissatisfaction with counsel. Petitioner explained he did not want counsel representing him because Petitioner "[is] not in Ms. Mimms's best interest" and that she was "not really doing no case law or really trying to help [his] defense." (Id., Doc. No. 68 at 4). He explained that she "waived all [his] rights which led [him] to a forced plea to sign [him] over to Career Offender status with no defense on [Petitioner's] part." (Id., Doc. No. 68 at 4). When the Court noted that Petitioner entered into a knowing and voluntary guilty plea, Petitioner stated that he "was not fully aware of what it is [he] was getting into at the moment that occurred." (Id., Doc. No. 68 at 4). The Court noted that it had been reading everything Petitioner had been filing and had presided over the matter for quite some time and was aware of the diligence exerted in this case, and that it "[did not] believe anybody could have done a better job than has been done." (Id., Doc. No. 68 at 5-6). While the Court was sympathetic to Petitioner's concerns, it "[did not] hear anything that would convince [it] that [Petitioner] would be better represented by anybody else." (Id., Doc. No. 68 at 6). The Court denied the Motion, finding that no breakdown in communication that would affect the effectiveness of the representation had occurred. (Id., Doc. No. 68 at 6).

Petitioner was provided the opportunity to address the Court about his concerns with counsel and he raised the following: waiver of a preliminary hearing; waiver of a detention hearing;

refusal to file a suppression motion; waiver of grand jury/speedy trial; presentation of a plea offer without sharing discovery with Petitioner; failure to object to the § 851 notice; waiver of indictment; providing inaccurate information about the date the indictment was filed; providing him a bill of information that had been tampered with; failure to address evidence tampering; allowing him to be incarcerated for 43 months without sentencing. (Id., Doc. No. 68 at 31). Petitioner claimed that counsel's alleged ineffective assistance forced him to take a plea that gave the United States the "greenlight" to have him enhanced as a career offender without any objection. (Id., Doc. No. 68 at 31).

The Court then addressed the parties' arguments about Petitioner's status as a career offender and concluded that Petitioner does, indeed qualify as a career offender based, in part, on his ADWISI conviction.

The Government argued that Petitioner's actions called into question his acceptance of responsibility and argued that an upper variance should be imposed. (Id., Doc. No. 68 at 31-35). Counsel asked for a sentence at the low end of the advisory guidelines and explained that Petitioner's actions were due to his lack of understanding of the legal issues, some of the pleadings, and the docket sheet. (Id., Doc. No. 68 at 36).

The Court considered the relevant factors including Petitioner's "extraordinary" criminal history and granted the Government's request for an upward variance to a range of 77 to 96 months' imprisonment. (Id., Doc. No. 68 at 39). The Court found that a sentence of 120 months' imprisonment was sufficient, but not greater than necessary, to accomplish the § 3553(a) factors including the need to reflect the seriousness of the offense, to promote respect for the law, just punishment, adequate deterrence, and "most importantly in this case, to protect the public from further crimes of the defendant." (Id., Doc. No. 68 at 41).

7

On direct appeal, Petitioner argued that the Court erred by: (1) denying his requests for new counsel; and (2) granting the Government's request for an upward variance sentence and denying Petitioner's request for a downward variance sentence. While Petitioner did not expressly raise a claim of ineffective assistance of counsel, he discussed, at length, the burden for brining an ineffective assistance of counsel claim on direct appeal. The Government filed a Motion to Dismiss the appeal, arguing that Petitioner's claims are barred by his appellate waiver and that his ineffective assistance claims should be dismissed because they are not conclusively established on the face of the record. The Fourth Circuit affirmed. United States v. Williams, 753 Fed. Appx. 167 (4th Cir. 2019). It found that Petitioner's second claim about the sentencing variance, "falls squarely within the scope of the appeal waiver." Id. at 168. The Court concluded that Petitioner's first claim about the requests for new counsel fall outside the scope of the appellate waiver, but that the claim is meritless. On each occasion Petitioner sought new counsel or complained about counsel's effectiveness, "the court adequately inquired into [Petitioner's] concerns and correctly determined that the communication breakdown was not so great as to prevent an adequate defense." Id. at 169. The Court declined to address ineffective assistance of counsel and noted that Petitioner should raise this claim, if at all, in a § 2255 petition because ineffective assistance was not conclusively established on the appellate record. Id. at 169. The United States Supreme Court denied certiorari on March 25, 2019. Williams v. United States, 139 S.Ct. 1399 (2019).

Petitioner filed the instant § 2255 Motion to Vacate on July 8, 2019. (Doc. No. 1). He essentially argues that his plea is involuntary based on ineffective assistance of trial counsel. He claims that counsel (renumbered): (1) failed to apprise him of his rights and waived his rights to a preliminary hearing, a speedy trial, and indictment by the grand jury; (2) induced his guilty plea through promises of a lenient sentence; (3) inaccurately calculated the drug quantity and failed to

correct that error; and (4) failed to explain the § 851 enhancement, the U.S. Sentencing Guidelines, and the full sentencing consequences of the guilty plea to Petitioner.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). Rather, he is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id.

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86,

104 (2011) (quoting Strickland, 466 U.S. at 689). The Strickland standard is difficult to satisfy in that the "Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." See Yarborough v. Gentry, 540 U.S. 1, 8 (2003). The prejudice prong inquires into whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In considering the prejudice prong of the analysis, a court cannot grant relief solely because the outcome would have been different absent counsel's deficient performance, but rather, it "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a reviewing court need not even consider the performance prong. Strickland, 466 U.S. at 697.

The Sixth Amendment right to the assistance of counsel during criminal proceedings extends to the plea-bargaining process. See Missouri v. Frye, 566 U.S. 134 (2012). Thus, criminal defendants are "entitled to the effective assistance of competent counsel" during that process. Lafler v. Cooper, 566 U.S. 156, 162 (2012) (internal quotation marks omitted); Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013). Where a defendant enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was "within the range of competence demanded by attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). To satisfy Strickland's prejudice

prong, the defendant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). The Court has also determined that it can rule on the merits of the § 2255 Motion to Vacate without a response from the Government.

### III.   DISCUSSION

Petitioner's contentions that his plea was involuntary due to ineffective assistance of counsel are conclusively refuted by the record.

Before accepting a guilty plea, a district court must conduct a plea colloquy in which it informs the defendant of, and determines if the defendant comprehends, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, any mandatory minimum penalty, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The court must also ensure that the plea is supported by an independent factual basis and is not the result of force, threats, or promises outside the plea agreement. Fed. R. Crim. P. 11(b)(2), (3).

Magistrate Judge Cayer complied with Rule 11 by asking Petitioner, under oath, whether he understood the nature of the charges, his sentencing exposure, and the consequences of his plea including the rights he was waiving by pleading guilty. Petitioner stated that he understood and

specifically agreed to waive his appellate and collateral rights except for claims of prosecutorial misconduct and ineffective assistance of counsel. The plea was supported by a written Factual Basis that Petitioner read and understood. He pled guilty without any promises, threats, or coercion. Petitioner further stated that he was satisfied with his lawyer's services. Petitioner's freely and voluntarily entered guilty plea thus waived all non-jurisdictional defects.

Petitioner's present self-serving allegations that his plea was not knowingly and voluntarily entered are conclusively refuted by the record, including his own sworn statements, and are rejected. Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see, e.g., United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005).

First, Petitioner contends that counsel failed to apprise him of his rights and waived his rights to a preliminary hearing, a speedy trial, and indictment by the grand jury. These claims are conclusively refuted by the record. Petitioner's Initial Appearance occurred on September 19, 2014, at which time Petitioner requested counsel, which was granted. See (3:14-cr-217, Doc. No. 4). While represented by counsel, Petitioner waived in writing a Preliminary Hearing, (Id., Doc. No. 7), Speedy Trial, (Id., Doc. No. 11-1), and Indictment by a Grand Jury, (Id., Doc. Nos. 11-1, 19). Petitioner's unsupported and self-serving contentions that counsel waived all his rights without his consent or knowledge are rejected.

Second, Petitioner contends that counsel induced his guilty plea through promises of a lenient sentence. This claim is conclusively refuted by the written Plea Agreement, which Petitioner signed, and his statements under oath at the Rule 11 hearing. Specifically, Petitioner acknowledged that his sentence had not yet been determined, that his maximum sentence was 30

years with the § 851 enhancement, that he may be found to qualify for the career offender enhancement, that the Court had not yet determined his sentence, and that any sentencing estimates was a prediction, not a promise. (Id., Doc. No. 16 at 2). Even if counsel estimated that Petitioner would receive a relatively lenient sentence, the written Plea Agreement and the Magistrate Judge's statements at the Rule 11 hearing disabused him of any notion that such a sentence was guaranteed. He knowingly and voluntarily pled guilty with full knowledge of its consequences including a possible sentence of up to 30 years for each count.

Third, Petitioner contends that the drug amounts contained in the Plea Agreement and Factual Basis are inaccurately calculated and that he only pled guilty on counsel's assurance that the drug quantity error would be corrected. Petitioner specifically agreed in the written Plea Agreement that the drug quantity attributed to him would be at least 28 grams of cocaine base. He acknowledged in the written Plea Agreement and in open court during the Rule 11 hearing that he read and understood the written Factual Basis, which also included a drug amount of 28 grams of cocaine base. He explicitly waived any objection to the facts contained in that document absent explicit notation of such objection in the Factual Basis, of which there are none. (Id., Doc. No. 15 at 1); (Id., Doc. No. 16 at 4); (Id., Doc. No. 63 at 3, 9). Petitioner's present allegations of ineffective assistance are unsupported and contrary to his sworn statements. They will therefore be rejected.

Finally, Petitioner contends that counsel failed to explain the § 851 enhancement, the U.S. Sentencing Guidelines, and the full sentencing consequences of the guilty plea to him. These unsupported allegations are conclusively refuted by the written Plea Agreement, Factual Basis, and Petitioner's sworn statements at the Rule 11 hearing. Petitioner acknowledged that counsel discussed the sentencing guidelines with him, that he understood his sentencing exposure, and that the Government sought a § 851 enhancement that is valid, but would be waived if he qualified as

a career offender, which came to pass. Petitioner further stated at the Rule 11 hearing, at which all the foregoing were addressed, that he had adequate time to confer with counsel and that he was satisfied with her representation. Petitioner's present claims are conclusively refuted by the record and will be rejected.

The Court also rejects any suggestion that Petitioner was prejudiced by counsel's allegedly deficient performance. Petitioner, who received benefits including charging concessions from the Government by pleading guilty, has failed to demonstrate a reasonable probability that he would have pled not guilty and proceeded to trial but for counsel's allegedly deficient performance.

Petitioner's present claims of ineffective assistance of counsel and involuntary plea were waived by Petitioner's knowing and voluntary guilty plea, are conclusively refuted by the record, and Petitioner has failed to establish prejudice. Therefore the § 2255 Motion to Vacate will be denied.

### IV.    CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion to Vacate is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is

denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 14, 2019

Robert J. Conrad, Jr.
United States District Judge